UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ANTONIO LOPEZ-ZACARIAS,
Petitioner,
v.
WARDEN, OTAY MESA DETENTION CENTER, et al.,
Respondents.

Case No.: 26-CV-05934 JAO (BJW)

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Before the Court is Petitioner Antonio Lopez-Zacarias ("Petitioner")'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). Also before the Court is Respondents' Return to the Petition (ECF No. 5).

For the following reasons, the Court **GRANTS IN PART** the Petition.

**BACKGROUND**

Petitioner is a citizen of Guatemala. *See* ECF No. 1 ¶ 15. He entered the United States as a minor, was taken into custody, and was subsequently released to a family member who agreed to serve as his sponsor. *See id.* ¶¶ 16–17. He then lived in the United States for more than thirteen years, during which he applied for asylum, was granted work authorization, and established a family in the United States before being detained by Immigration and Customs Enforcement officers while traveling to work in

September 2026. *See id.* ¶¶ 17, 18, 19, 20, 22. To date, Petitioner has not received a bond hearing. *See id.* ¶ 25.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Petitioner argues that his detention without notice or a pre-deprivation hearing is unlawful and violates his due process rights as well as the Administrative Procedure Act. *See* ECF No. 1 ¶¶ 45–46, 52. Respondents concede that Petitioner is subject to detention and release on bond under 8 U.S.C. § 1226(a). *See* ECF No. 4 at 1–2; *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1193 (9th Cir. 2026). "Accordingly, Respondents do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." *See* ECF No. 4 at 2.

The Court concludes that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See Rodriguez Vazquez*, 183 F.4th at 1193.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART and DENIES IN PART** the Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to

provide Petitioner with an individualized bond hearing within fourteen (14) days before a neutral immigration judge in which the non-citizen bears the burden of establishing by a preponderance of the evidence that Petitioner is a danger to the community or a flight risk if released.[1] If no hearing occurs within fourteen days of this Order, Petitioner shall be released from Respondents' custody. The Court **DENIES** Petitioner's request for release from detention without prejudice but notes that if Respondents do not give Petitioner an adequate bond hearing, the Court may order release in the future. *See, e.g.*, *Singh v. LaRose*, 2026 WL 1387428, at *5–6 (May 18, 2026); *Perez Velasquez v. Bondi*, 2026 WL 1042479, at *6–7 (S.D. Cal. Apr. 16, 2026). The Parties **SHALL** file a Joint Status Report by November 13, 2026, informing the Court of the outcome of the hearing.[2]

**IT IS SO ORDERED.**

Dated: October 30, 2026

Jill A. Otake
United States District Judge

[1] *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022); *Rojas v. Warden, Otay Mesa Det. Ctr.*, 2026 WL 2790789, at *3 (S.D. Cal. Sept. 17, 2026).

[2] Petitioner requested attorney's fees, related expenses, and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* ECF No. 1 ¶ 57. Petitioner's counsel may submit an appropriate EAJA fee application within 30 days of the issuance of this Order. *See* 28 U.S.C. § 2412(d)(1)(B).